# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
                                 :
IN RE VEECO INSTRUMENTS INC.     :   No. 7:05-MD-01695-CM
SECURITIES LITIGATION            :
                                 :
                                 x
---------------------------------
                                 :
THIS DOCUMENT RELATES TO:        :
ALL ACTIONS                      :
                                 :
                                 :
---------------------------------:
                                 x

## DEFENDANT VEECO INSTRUMENTS INC.'S
## FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, defendant Veeco Instruments Inc. ("Veeco"), by and through its undersigned attorneys, hereby requests that Plaintiff answer the following Interrogatories in writing. Pursuant to Rule 33(b)(3), answers, and objections if any, shall be served upon counsel for Veeco by October 23, 2006, and in accordance with the following definitions and instructions.

### DEFINITIONS AND INSTRUCTIONS

1. The definitions, instructions and rules of construction contained in Local Civil Rules Rule 26.3 and 33.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference.

2. "You," "Your" and "Plaintiff" refers to Steelworkers Pension Trust and/or any of its parents, subsidiaries, affiliates, or predecessors, and any of its officers, directors, employees, attorneys, agents, independent contractors or other persons acting or engaged to act on their behalf.

3. "Complaint" refers to the Consolidated Amended Class Action Complaint filed in this action on November 7, 2005.

4. "CW1," "CW2" and "CW3" refer, respectively, to the persons identified in the Complaint as CW1, CW2 and CW3.

5. "TSA" refers to the Transitional Service Agreement between Emcore and Veeco.

6. Each interrogatory shall be answered upon Your entire knowledge from all sources, including all information in the possession of Your attorneys or other persons working on Your behalf.

7. If an interrogatory cannot be answered in full, state why and furnish all available information.

8. If a privilege is claimed or if there is any other reason stated as grounds for not answering any interrogatory, whether in part or in full, describe:

    a) the basis for your claim of privilege or reason for not answering;

    b) identify all persons to whom you have disclosed information requested by the interrogatory;

    c) state the date such disclosure took place, and

    d) the means of disclosure.

9. These interrogatories shall be deemed continuing, so as to require supplemental answers when You come into possession of information responsive to these interrogatories that has not been previously supplied, as required by Federal Rule of Civil Procedure 26(e). Such supplemental answers are to be served as soon as reasonably possible after the information is obtained. The date such additional information came into Your possession shall be specified, as well as the identity of the individuals who furnished such additional information to the person preparing the answer.

10. Where the answer to an interrogatory is based on a document, You shall produce a copy of the document along with their responses to these interrogatories.

11. If precise information cannot be supplied, state the best estimation or approximation, designated as such.

12. If You have no information about the subject of a particular interrogatory, or if for some other reason You are unable to answer it, the response to that interrogatory should specifically so state, and no interrogatory should be without some response. If You have information now available which would also be responsive, You should provide the information currently available and should specifically state when the balance of the information will be provided. The fact that a full answer cannot be given as a basis for Plaintiff's failure to provide such information as is available to You at the time of Your response to these interrogatories.

13. Unless otherwise specified, these Interrogatories call for information relating to the time period from November 3, 2003 through February 10, 2005.

## INTERROGATORIES

1) Identify the persons identified in the Complaint as CW1, CW2 and CW3.

2) Identify all persons (including current or former Veeco employees) who provided You with documents or other information <u>at any time</u> concerning the allegations in the Complaint.

3) For each person identified in response to Interrogatory No. 2, identify the documents that the person provided to You.

4) With respect to the allegation in paragraph 34 of the Complaint that "Veeco began to manufacture critical precision components in-house instead of continuing to purchase them from reliable vendors as Emcore had done":

    a) identify any vendors or suppliers of "critical precision components" (as that term is used on paragraph 34 of the Complaint) with whom Veeco discontinued or altered its business relationship;

    b) identify all parts for TurboDisc products which Veeco began manufacturing "in-house" after November 3, 2003, and state which of those "in-house" manufactured components contributed to quality

3

problems, customer dissatisfaction or increased warranty costs relating to TurboDisc products.

5) With respect to the allegations concerning agreements between Veeco and Emcore (including the TSA) in paragraphs 45-56 of the Complaint:

    a) identify all persons with knowledge of Veeco's allegedly improper recognition of revenue relating to those agreements; and

    b) identify all persons with knowledge of the allegation in Paragraph 55 of the Complaint that "CW3 was specifically instructed by defendant Kiernan, Veeco's Vice President of Finance and Controller, at the direction of defendant Rein, to 'book . . . adjustments [to TSA revenue] in October' [2004];" and

    c) identify any documents evidencing any instructions from defendant Kiernan to CW3, or any instructions from defendant Rein to defendant Kiernan, concerning whether and how to book an adjustment to TSA revenue in 2004.

6) With respect to the allegations in Paragraph 59 of the Complaint concerning "fictitious sign-offs" relating to the Sanan Group:

    a) identify all persons with knowledge of the fictitious sign-offs;

    b) identify all persons that solicited the fictitious sign-offs;

    c) identify all persons that provided the fictitious sign-offs; and

    d) identify all documents evidencing the fictitious sign-offs.

7) With respect to the allegation in Paragraph 71 of the Complaint that "CW3 was instructed by defendant Kiernan at the direction of defendant Rein" to reverse a $250,000 warranty accrual:

    a) identify all persons with knowledge concerning the proposed $250,000 warranty accrual;

    b) state when defendant Kiernan gave the alleged instruction to CW3;

      c)     describe the manner in which the instruction was given (e.g., e-mail, telephone, fax, face to face meeting, etc.); and

      d)     identify any documents evidencing any instructions from defendant Kiernan to CW3, or any instructions from defendant Rein to defendant Kiernan, concerning the proposed $250,000 warranty accrual.

8)    Identify all TurboDisc customers that ordered or purchased defective TurboDisc products, and for each such customer:

      a)     identify the products that the customer received that it alleged were defective;

      b)     describe the nature of the complaint; and

      c)     identify the amount of defective Veeco products that the customer returned or refused to accept.

9)    Identify the amount of defective Veeco inventory (by product and number of units) that was junked or sold below cost between January 1, 2004 and April 1, 2005, and the date[s] on which such inventory was junked or sold below cost.

10)    Identify each and every statement made by Veeco that Plaintiff contends contains false statements of material fact and/or omits to state material facts necessary to make such statement not misleading.

11)    With respect to each alleged statement identified in the response to Interrogatory No. 10, identify who made each statement, when each statement was made, and where each statement was made.

12)    With respect to each statement identified in the response to Interrogatory No. 10, explain with particularity why each such alleged statement was materially false or misleading.

13)    With respect to each statement identified in the response to Interrogatory No. 10, identify all facts that Plaintiff contends evidence Veeco's scienter in making such alleged false statement or omission.

14) With respect to each statement identified in the response to Interrogatory No. 10, state the amount of economic losses that Plaintiff contends were proximately caused by each such alleged statement, and explain in detail how Plaintiff contends such economic losses are calculated.

15) State the total amount of damages that Plaintiff contends are due to the putative class in this action, and explain in detail how Plaintiff contends such damages are calculated.

Dated: New York, New York
September 21, 2006

GIBSON, DUNN & CRUTCHER LLP

By: *Ross Wallin*

John A. Herfort (JH-1460)
Robert F. Serio (RS-2479)
J. Ross Wallin (JW-3911)

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Phone: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant Veeco Instruments Inc.*

80353936_1.DOC

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify, under penalty of perjury, that on the 21st day of September, 2006, I caused a true and correct copy of Defendant Veeco Instruments Inc.'s First Set of Interrogatories to Lead Plaintiff to be served on the following counsel for plaintiffs by electronic means:

Sherrie R. Savett, Esq.
Phyllis M. Parker, Esq.
Jeffrey L. Osterwise, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103

*Attorneys for Lead Plaintiff*

Robert I. Harwood, Esq.
Samuel K. Rosen, Esq.
Joshua D. Glatter, Esq.
Wechsler Harwood LLP
488 Madison Avenue
New York, New York 10022

*Attorneys for Derivative Plaintiffs*

Brian D. Penny, Esq.
Mark S. Goldman, Esq.
Paul J. Scarlato, Esq.
Goldman Scarlato & Karon, P.C.
101 West Elm Street, Suite 360
Conshohocken, Pennsylvania 19428

*Attorneys for Derivative Plaintiffs*

Nadeem Faruqi, Esq.
Shane Rowley, Esq.
Beth A. Keller, Esq.
Faruqi & Faruqi, LLP
320 East 39th Street
New York, New York 10016

*Attorneys for Derivative Plaintiffs*

_____Ross Wallin_____ (cy)
J. Ross Wallin (JW-3911)